UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61077-CIV-MARRA/JOHNSON

3-J HOSPITALITY, LLC, a
Florida limited liability company
d/b/a AMERICA'S BACKYARD,

        Plaintiff,

vs.

BIG TIME DESIGN, INC., a Florida
For profit corporation, 219 S. FT.
LAUDERDALE BEACH BLVD., LLC,
a Florida limited liability company,
CALLIN FORTIS, individually, and
KENNETH BARILICH, individually,

        Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Big Time Design, Inc., 219 S. Ft. Lauderdale Beach, Blvd., LLC, Callin Fortis, and Kenneth Barilich's (collectively "Defendants") Motion to Dismiss (DE 3), filed August 13, 2009. The motion is fully briefed and ripe for review. See DE's 7, 8. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

I. Background

Plaintiff, 3-J Hospitality, LLC, d/b/a America's Backyard, filed a Complaint against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on June 19, 2009, which Defendants removed to this Court on July 20, 2009 on the basis of federal question jurisdiction. See DE 1.

1

Plaintiff brings this four-count Complaint alleging Trade Dress Infringement in Violation of the Lanham Act (count I), Trade Name Infringement in Violation of Lanham Act (count II), Common Law Unfair Competition (count III), and Unfair Competition in Violation of Section 501.204(1), Florida Statutes (count IV).  The facts giving rise to this Complaint stem from Defendant's June 14, 2007 Proposal to provide architectural and interior design services for Plaintiff's restaurant. (Attached to Complaint as Exhibit C). Plaintiff alleges that after providing these architectural services, Defendants developed a restaurant named Exit 66 and effectively copied Plaintiff's concept.  See Comp. ¶¶ 15-31.

Regarding dispute resolution, the Proposal states as follows:

> Dispute Resolution: Any claim, dispute or other matter in question arising out of or related to this agreement shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.  Such mediation shall be governed by the Construction Industry Mediation Rules of the American Arbitration Association currently in effect, with the provision that any mediation take place in Miami, FL.  The parties shall share the mediation fee and any filing or administrative fees equally.

Comp. Exh. C. at 34.

In moving to compel mediation and dismiss the complaint, Defendant argues that the dispute resolution clause encompasses each of the claims in the Complaint and that Plaintiff's failure to comply with a condition precedent to bringing a lawsuit requires that this case be dismissed.  In response, Plaintiff argues that the mediation clause in the Proposal is not applicable to this action.

II. Discussion

Mediation clauses, like arbitration clauses, are contractual in nature, and construction of such provisions is a matter of contract interpretation.  Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999).  A court will not compel parties to attend

such alternative dispute resolution proceedings where the parties have not agreed to do so. Klay v. All Defendants, 389 F.3d 1191, 2000 (11th Cir. 2004).  The Court looks at the parties' intent to submit the dispute to mediation, starting at the language of the clause. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985) ("Thus, as with any other contract, the parties' intentions control.").

Where the parties' agreement requires mediation as a condition precedent to arbitration or litigation, the complaint must be dismissed.  See Kemiron Atlantic, Inc. v. Aguakem Intern., Inc., 290 F.3d 1287 (11th Cir. 2002) (holding that plaintiff's failure to request mediation, which was a condition precedent to arbitration under the parties' contract, precluded enforcement of arbitration under the contract); Brosnan v. Dry Cleaning Station Inc., 2008 WL 2388392 (N.D. Cal. 2008) ("Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal."); see also Woods v. Holy Cross Hospital, 591 F.2d 1164 (5th Cir. 1979)[1] (dismissing medical malpractice action where mediation was a condition precedent to filing suit under state law).

Here, the mediation clause provides for mediation of "[a]ny claim, dispute or other matter in question arising out of or related to this agreement " See Comp. Exh. C. at 34 (emphasis added).  As such, the mediation clause is considered "broad," rather than "narrow," because it evidences the parties' intent to have mediation serve as the primary recourse for disputes connected to the agreement containing the clause.  Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218 (2nd Cir. 2001). See Prima

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398 (1967) (holding that arbitration clause providing for arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement " was "broad" and encompassed claim of fraud in inducement of entire contract). "[W]here the dispute occurs as a fairly direct result of the performance of contractual duties. . . then the dispute can fairly be said to arise out of or relate to the contract in question." Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109, 1116 (11th Cir. 2001). When the Court faces a broad clause, as it does here, it should resolve doubts in favor of mediation. See Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc., 442 F.3d 471, 482 n.10 (6th Cir. 2006).

In cases where the clause is "broad", as in this case, Lanham Act claims are subject to alternative dispute resolution under the parties' agreement. See Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 723-24 (Lanham Act claims were arbitrable where agreement had broad arbitration clause); NRP Group, Inc. v. Hydropress, LLC, 2007 WL 201259 (S.D. Fla. 2007) (compelling arbitration of all claims, including those for violations of the Lanham Act). Additionally, unfair competition claims are subject to alternative dispute resolution when faced with a "broad" clause. See Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 758 (11th Cir. 1993) (claims for tortious interference with contract, tortious interference with prospective advantage, trademark infringement, unfair competition, civil conspiracy, fraudulent misrepresentation, declaratory relief, and abuse of process are subject to arbitration under broad arbitration clause); NCR Corp. v. Korala Associates, Ltd., 512 F.3d 807 (6th Cir. 2008) (holding that unfair competition claim was arbitrable as "arising out of or relating to" the parties' licensing agreement); Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840 (2nd Cir. 1987)

4

(construing a broad arbitration clause and holding that RICO claims, Robinson-Patman Act claims, common law fraud claims, <u>unfair competition claims</u>, and unjust enrichment claims were all arbitrable); <u>Olsher Metals Corp. v. Olsher</u>, 2003 WL 25600635, *8-9 (S.D. Fla. 2003) (holding that each of the plaintiff's claims, including allegations of unfair competition, were subject to broad arbitration clause).

Here, Plaintiff argues that its claims for violations of the Federal Lanham Act and unfair competition are not subject to the mediation clause of the Proposal. Plaintiff relies on the case <u>Oberstar v. Divosta Homes, L.P.</u>, 2008 WL 4811408 (M.D. Fla. 2008). In that case, the court held that an arbitration provision in a purchase and sale agreement between a home purchaser and a seller did not cover personal injury claims due to mold exposure in the home. There, the court recognized:

> Under Florida law if the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. <u>Seifert</u>, 750 So.2d at 640. Analogously, such a claim would be one arising from the contract terms and therefore, subject to arbitration where the contract required it. <u>Id.</u> If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. <u>Id.</u> Therefore, a contractually-imposed arbitration requirement ... would not apply to such a claim.

<u>Id.</u> at *5. The <u>Oberstar</u> opinion noted that plaintiffs' complaint did not refer to the purchase and sale agreement in the complaint, but rather stated a common law tort for personal injury. <u>Id.</u> The opinion also found that there was no nexus between the alleged injury and the purchase and sale agreement because any third party who developed respiratory difficulties due to mold exposure from spending time in the unit would have the same negligent construction claim against the defendant. <u>Id.</u>

5

In the instant case, in contrast to the Oberstar case, Plaintiff not only makes detailed allegations in the Complaint regarding the Proposal (containing the mediation clause), see Comp. ¶ 15, 17, 23, 27, Plaintiff also attaches the Proposal to the Complaint. See Comp. Exh. C.  Moreover, the analysis of the Oberstar opinion, cited supra, supports the conclusion in this case that the dispute arises out of or relates to the Proposal.  Here, the Proposal places the parties in a "unique relationship," which Plaintiff alleges in ¶ 27 of the Complaint: "Conveniently, the endeavor to copy America's Backyard was made easy for Big Time Design and the other Defendants because they had access to all of the design and architectural specifications provided to Big Time Design in the context of the architectural and design services [performed pursuant to the Proposal]." Thus, the Court concludes that Plaintiff's claims "aris[e] out of or relate[] to" the parties' Proposal.

In sum, after careful consideration of controlling law, the Court finds that Plaintiff is bound to mediate the claims presented in the Complaint before it may proceed to arbitration or mediation.  Accordingly, Plaintiff has failed to satisfy a condition precedent to litigation and the complaint must be dismissed.  See Kemiron Atlantic, 290 F.3d at 1291.  Therefore, the Court grants the motion to dismiss the action in favor of mediation.

III. Conclusion

Based upon the foregoing, Defendant's Motion to Dismiss (DE 3) is **GRANTED**. The Complaint is hereby **DISMISSED** in favor of mediation.  All remaining pending

motions are **DENIED AS MOOT**.  The Clerk shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of October, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
all counsel of record